IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01059-MSK-MJW

NATHAN YBANEZ,

Plaintiff,

v.

BERNADETTE SCOTT, in her individual and official capacities as Lieutenant of the SCF Mail Room, and
UNKNOWN SCF MAIL ROOM EMPLOYEE "C. Mathis," in her individual capacity,

Defendants.

## REPORT AND RECOMMENDATION
on

## ORDER TO SHOW CAUSE
**(Docket No. 15)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before the undersigned on an Order of Reference issued by Chief Judge Marcia S. Krieger on April 24, 2014 (Docket No. 7).

### BACKGROUND

The Complaint in this case was filed on April 14, 2014 (Docket No. 1). The undersigned has held three conferences with the parties: a Status Conference on June 9, 2014 (Docket No. 16), a Scheduling Conference on August 26, 2014 (Docket No. 33), and a Status Conference/Show Cause Hearing on October 14 (Docket No. 40). At the first two conferences, it was noted that Plaintiff had yet to serve Defendant C. Mathis. As a result, on August 26, 2014, the Court issued an Order to Show Cause ordering Plaintiff by October 14, 2014, to provide proof of service or otherwise show cause why

2

this case should not be dismissed for failure to serve UNKNOWN SCF MAIL ROOM EMPLOYEE "C. Mathis" in her individual capacity (Docket No. 35).  This defendant has since been identified by Plaintiff as Candy Mathis (Docket No. 39).

At the Show Cause hearing October 14, 2014, Plaintiff provided no proof of service and did not establish good cause for his failure to serve Candy Mathis.

## LAW

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or court order.  If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

## FINDINGS OF FACT & CONCLUSIONS OF LAW

The Court finds and concludes that:

(1) Plaintiff has provided no proof of service upon Candy Mathis, and in fact Candy Mathis has not been served with process in this case.

(2) The Complaint (Docket No. 1) was filed on April 14, 2014, more than 120 days ago, and Plaintiff has not shown good cause for his failure to effect service.

3

(3) The Court ordered Plaintiff to effect service or otherwise show cause why this claim should not be dismissed, and Plaintiff has neither effected service nor shown good cause.

(4) Plaintiff has had a full and fair chance to be heard and has had adequate warning that his claim might be dismissed for failure to effect service.

(5) The claim against Candy Mathis should be dismissed without prejudice under Fed. R. Civ. P. 4(m) and Local Civil Rule 41.1.

## RECOMMENDATION

Based upon the foregoing, it is hereby RECOMMENDED that the Court dismiss the claim against Candy Mathis without prejudice.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996)**.

Date: October 14, 2014  s/ Michael J. Watanabe
Denver, Colorado  Michael J. Watanabe
  United States Magistrate Judge