IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01059-MSK-MJW

NATHAN YBANEZ,

Plaintiff,

v.

BERNADETTE SCOTT, in her individual and official capacities as Lieutenant of the SCF Mail Room, and
UNKNOWN SCF MAIL ROOM EMPLOYEE "C. Mathis," in her individual capacity,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiff's Motion Showing Cause (Docket No. 42) and Motion to Facilitate Service of Process (Docket No. 43) are both DENIED for the reasons set forth herein.

Both motions concern Plaintiff's inability thus far to serve Defendant C. Mathis, an employee in the mailroom at Sterling Correctional Facility. Following the Rule 16 Scheduling Conference in this case on August 26, 2014, the Court entered an Order to Show Cause directing Plaintiff to file proof of service on Defendant Mathis or otherwise show cause why the claim against her should not be dismissed, by October 14, 2014 (Docket No. 35).

At the Show Cause Hearing on October 14, 2014, Plaintiff reported:

(1) that he had learned Defendant Mathis's full name through written discovery in this case, and

(2) that he had filed the documents now docketed at Docket No. 42 and Docket No. 43, but

(3) that he had not yet been able to serve Defendant Mathis (Docket No. 40).

Following this hearing, the Court issued a report and recommendation that Plaintiff's claim against Defendant Mathis be dismissed for lack of service and lack of prosecution (Docket No. 41).

The Show Cause Hearing was scheduled for 9:30 a.m. and actually held from 9:41 a.m. to 9:51 a.m.  The Court's report and recommendation was entered at 11:48 a.m.  Plaintiff's Motion Showing Cause (Docket No. 42) and Motion to Facilitate Service of Process (Docket No. 43) were accepted for filing by the Clerk of Court on October 14, 2014; according to the Notices of Electronic Filing received by the Court's chambers e-mail, Docket No. 42 was entered at 2:53 p.m., and Docket No. 43 at 2:54 p.m.  Both motions were therefore docketed about three hours *after* the Court's report and recommendation that Defendant Mathis be dismissed from the case.

Plaintiff's Motion Showing Cause (Docket No. 42) moves the Court to find that Plaintiff has established good cause for his failure to serve Defendant Mathis.  Plaintiff states: that he did not know Ms. Mathis's full name—Candi Mathis—before receiving discovery from Defendant Scott; that Plaintiff is indigent and incarcerated and therefore "unable to easily and effectively contact and deal with those who could enact service for him, such as the Federal Marshal or the County Sheriff"; and that his delay is due to those factors and not inadvertence or neglect.

Plaintiff's Motion to Facilitate Service of Process (Docket No. 43) moves the Court to direct the Clerk of Court "to act as a go-between for the Plaintiff in the task of getting Defendant Candy Mathis served by either the United States Marshal or the Logan County Sheriff."  It further states that "[i]t has been the Plaintiff's experience that Sheriffs departments and the Federal Marshal refuse to respond to unsolicited requests from inmates.  Further, the usual service fees are more than the Plaintiff can pay up front to the Sheriff or Marshal."  Finally, it provides the address of the Sterling Correctional Facility where Defendant Mathis allegedly works, and states that (as a prisoner) Plaintiff is not allowed access to Defendant Mathis's home address.

It should be noted that Plaintiff Ybanez has filed other cases in this Court: <u>Ybanez v. C.D.O.C.</u>, Case No. 07-cv-01976-PAB-MJW; <u>Ybanez v. Milyard et al.</u>, Case No. 10-cv-02234-RBJ-MJW; and <u>Ybanez et al. v. Raemisch</u>, Case No. 14-cv-02704-BNB.  Plaintiff Ybanez had knowledge from the previous cases that he needed to serve Defendant Mathis upon filing this case.

Neither motion provides facts, law, or argument not previously known to the Court, and accordingly the Court will not reconsider its report and recommendation holding that Plaintiff had not established good cause for his failure to serve Defendant Mathis.  Accordingly, Plaintiff's Motion Showing Cause (Docket No. 42) is denied.  Further, Plaintiff's Motion to Facilitate Service of Process (Docket No. 43) is denied as moot, based upon the Court's report and recommendation that Defendant Mathis be dismissed (Docket No. 41).

<u>Date: October 16, 2014                                                                                           </u>