IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01059-MSK-MJW

NATHAN YBANEZ,

Plaintiff,

v.

BERNADETTE SCOTT, in her individual and official capacities as Lieutenant of the SCF Mail Room, and
UNKNOWN SCF MAIL ROOM EMPLOYEE "C. Mathis," in her individual capacity,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      It is hereby ORDERED that Defendants' Motion to Stay Discovery (Docket No. 56) is GRANTED for the following reasons.

      The Supreme Court established that evaluating the defense of immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." Siegert v. Gilley, 500 U.S. 226, 233 (1991) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) (same). That said, the defense of immunity "is not a bar to all discovery." Rome v. Romero, 225 F.R.D. 640, 643 (D. Colo. 2004). There are certain circumstances when discovery is permissible despite an assertion of immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals. See Rome, 225 F.R.D. at 643. Also, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment. Id. at 643-44.

      Here, Defendants raised qualified immunity early in the proceedings and prior to the onset of discovery. Considering the early filing of the motion to dismiss premised in part on qualified immunity, the court finds that the circumstances evaluated in Rome are inapplicable to the case at hand.

      When considering a stay of discovery in a broader context, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties

to the civil litigation; and (5) the public interest. See String Cheese Incident v. Stylus Show, Inc., 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

      A balance of the above factors favors a stay in this matter.  Most significantly, the court finds that delay would cause little to no prejudice to plaintiff's interests.  Given the nature of plaintiff's claims, there is no substantial risk that relevant records will be lost or that relevant witness memories will diminish.  Further, although plaintiff seeks injunctive relief, that relief is not aimed at any ongoing harm to plaintiff—rather, plaintiff seeks to change or clarify a policy that he believes may cause constitutional violations from time to time, due to its current lack of clarity.  Plaintiff will be able to develop and present this claim without hindrance after the motion to dismiss is resolved, should the case proceed forward.

      By contrast, the burden on defendants is not justified where a motion to dismiss is pending and the magistrate judge has recommended that it be granted.  See Harris v. United States, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted).  "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).

      Finally, the court finds that the convenience of the court, the interests of non-parties, and the public interest do not greatly favor one side or the other.

Date: February 3, 2015