IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 14-cv-01059-MSK-MJW

NATHAN YBANEZ,

Plaintiff,

v.

BERNADETTE SCOTT, *in her individual and official capacities as Lieutenant of the SCF mail room, and*
CANDY MATHIS, *in her individual capacity*,

Defendants.

---

### REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT (Docket No. 84)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Chief Judge Marcia S. Krieger referred Defendants' Motion to Dismiss Amended Complaint to the undersigned.  (Docket Nos. 84 & 85.)  The Court has reviewed the parties' filings (Docket Nos. 84 & 86), taken judicial notice of the court's file, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law.  Now being fully informed, the Court makes the following report and recommendation.

The background of the case was set forth in Chief Judge Krieger's March 17, 2015, order granting in part and denying in part Defendants' previous motion to dismiss. (Docket No. 71.)  As is relevant here, Defendant raised the statute of limitations in the previous motion.  Chief Judge Krieger's discussion of the issue, in full, is as follows:

> The Magistrate Judge found that, facially, Mr. Ybanez's claim was untimely.  He was notified of the rejection of the package on April 9, 2012, thus causing the claim to accrue on that date.  This suit was filed with the Court on April 14, 2014, a few days after the two-year statute of limitations

> had expired. However, the Magistrate Judge found that Mr. Ybanez might arguably be able to avail himself of an earlier filing date by operation of the "prison mailbox rule" and recommended that Mr. Ybanez be granted an opportunity to amend his Complaint to allege facts showing the application of that rule. *Citing Price v. Philpot*, 420 F.3d 1158, 1163–67 (10th Cir. 2005).
>
> Mr. Ybanez objects to this finding, arguing that other doctrines render his case timely, regardless of whether the prison mailbox rule applies. He contends that Ms. Scott's January 30, 2013 acknowledgement of having retained a copy of the transcript constitutes a separate constitutional violation, giving rise to a separate statute of limitations for a claim against Ms. Scott.
>
> The Court disagrees. The constitutional violation in Mr. Ybanez's complaint is the rejection of mail sent to him in April 2012. The fact that Ms. Scott might have kept a copy of some portion of the rejected mail for evidentiary or other purposes, and subsequently refused to provide it to him, does not constitute a separate constitutional violation. Mr. Ybanez also argues that the loss of the mail constitutes a "continuing violation" for each day he remains dispossessed of the package. Even assuming that the general applicability of the "continuing violation" doctrine remains unsettled in the 10th Circuit, it is clear that alleged violations consisting of discrete acts—such as the rejection of mail—do not warrant the invocation of that doctrine. *See Fogle v. Slack*, 419 F. App'x 860, 864–65 (10th Cir. 2011). Accordingly, the Court overrules Mr. Ybanez's Objections on this issue and, consistent with the Recommendation, grants him leave to amend his Complaint to attempt to demonstrate the timeliness of this action via application of the prison mailbox rule.

(Docket No. 71, p.10–11.) Consistent with this Order, Plaintiff filed an Amended Complaint in which (1) the material facts of his claim are unchanged, and (2) he specifically pleads the date he placed his complaint in the legal mail system: April 10, 2014. (Docket No. 82 ¶ 22.)

Defendant now moves to dismiss the Amended Complaint, again invoking the statute of limitations. (Docket No. 84.) Defendant's argument is quick:

- Plaintiff's complaint is subject to a two-year statute of limitations, *Hunt v. Bennett*, 17 F.3d 1263, 1265–67 (10th Cir. 1994);

3

- Plaintiff's claim accrued on April 9, 2012, and his complaint was placed in the prison mail system on April 10, 2014 (Docket No. 82 ¶¶ 9, 22); therefore
- Plaintiff's case is time-barred even after application of the prison-mailbox rule.

(Docket No. 84, p.2.) Plaintiff concedes both that his claim accrued on April 9, 2012, and that the applicable statute of limitations is two years. But he argues that the day of claim accrual—April 9th—does not count toward the two-year period, and thus the limitations period runs from April 10, 2012, to April 10, 2014. (Docket No. 82 ¶ 24.)

Plaintiff's position is half correct: the period begins on April 10, 2012, but it does not end on April 10, 2014. It ends on April 9, 2014, the anniversary of the claim accrual. *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) ("[W]hen a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act."); *see also Williams v. Shields*, 77 F. App'x 501, 503 (10th Cir. 2003) (applying *Hurst* to § 1983 claims); *Williams v. Crop. Prod. Servs., Inc.*, ___ P.3d ___, 2015 WL 2341938 (Colo. App. May 7, 2015) (construing Colorado's general statute of limitations for tort claims the same way). Plaintiff's method of counting erroneously counts April 10th both at the front end and at the back end—creating a limitations period of two years *plus one day*. Instead, when the first day of the period is April 10, 2012, the 365th day of the period (or one-year mark) is April 9, 2013, and the 730th day of the period (or two-year mark) is April 9, 2015. Accordingly, Plaintiff missed the statute of limitations by one day.

Plaintiff makes one further argument: that because he was required to exhaust his administrative remedies prior to filing suit, the period of limitations should be equitably tolled for the time it took him to exhaust. (Docket No. 86, pp.2–3.) Equitable

4

tolling is governed by state law. *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). The plaintiff bears the burden of showing that the statute is properly tolled. *Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850, 855 (Colo. 1992). In the prisoner-litigation context, the Tenth Circuit has held that "under Colorado law, the statute of limitations is not automatically tolled whenever an individual pursues administrative remedies." *Braxton v. Zavaras*, 614 F.3d 1156, 1160–61 (10th Cir. 2010) (citing *Ferrel v. Colo. Dep't of Corrs.*, 179 P.3d 178, 188–189 (Colo. App. 2007)). Instead, "equitable tolling is limited 'to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts.'" *Id.* (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.3d 1094, 1096 (Colo. 1996)). The administrative-exhaustion requirement imposed on prisoners *can* justify equitable tolling—if the prisoner has diligently pursued his claims but it was nonetheless impossible to meet the deadline under the circumstances. *Id.* More specifically, the Tenth Circuit has declined to apply equitable tolling where "ample time for filing within the two-year limitations period remained after the exhaustion of remedies, but [] the plaintiff failed to diligently pursue his opportunity to file." *Rosales v. Ortiz*, 325 F. App'x 695 (10th Cir. 2009); *see also Braxton*, 614 F.3d at 1162.

Here, Plaintiff exhausted his administrative remedies in September 2012—less than six months after his claim accrued, and more than 18 months before he filed his lawsuit. He had ample time to file suit and did not diligently pursue his legal claims after exhausting legal grievances, and he is therefore not entitled to equitable tolling.

5

To support his argument to the contrary, Plaintiff cites *Wagner v. Hartley*, No. 10-cv-02501-WYD-KLM, 2012 WL 1079185, at *3–5 (D. Colo. Mar. 30, 2012). In that case, Judge Daniel equitably tolled the limitations period for a prisoner's § 1983 claim, tacking an additional ten months onto the limitations period. But there, the plaintiff took a circuitous route to exhaustion, running through both administrative grievances *and* a state-court habeas proceeding—because when he first attempted to file an administrative grievance, his case manager told him that he needed to file a state-court habeas proceeding instead. *Id.* at *4. The case thus presents actions *by the defendant* that obstructed the plaintiff's legal recourse and contributed to the delay. Such facts are not present here. Here, the Court finds no facts sufficient to warrant equitable tolling.

## Conclusion

For the foregoing reasons, the Court RECOMMENDS that Defendants' Motion to Dismiss Amended Complaint (Docket No. 84) be GRANTED.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

6

**(1985), and also waives appellate review of both factual and legal questions, Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996)**.


Dated:  May 21, 2015                    */s/ Michael J. Watanabe*
            Denver, Colorado              Michael J. Watanabe
                                          United States Magistrate Judge